WATTS *v*. THE BOARD OF COMMISSIONERS OF GIBSON COUNTY.

[No. 2,722. Filed Feb. 17, 1899. Rehearing denied May 9, 1899.]

DRAINS.— *Fees of Engineer.* — *Injunction.* — Plaintiff brought suit against the county for services rendered as engineer in a proceeding for the construction of a drain, under section 5690 *et seq.* Burns 1894. The facts pleaded showed that after plaintiff had made his final report as directed by statute, and before the report had been acted upon, all further proceedings were perpetually enjoined by the circuit court in a proceeding brought for such purpose. *Held*, that the county was liable for the payment of the fees of the engineer, and that the county might resort to the petitioner's bond for reimbursement.

From the Gibson Circuit Court. *Reversed.*

*Thomas Duncan*, for appellant.

*M. W. Fields* and *Foltz, Spitler & Kurrie*, for appellee.

BLACK, C. J.—This cause comes to us by transfer from the Supreme Court. Each of the three paragraphs of the appellant's complaint was held insufficient on demurrer. We will first discuss the case presented by the third paragraph.

A proceeding for the construction of a drain more than five miles in length, the greater portion in Gibson county, and the remainder in Posey county, was instituted, under the act of March 7, 1891, section 5690 *et seq.* Burns 1894, section 4317c *et seq.* Horner 1897. The appellant, being duly appointed, rendered the services as engineer provided for by section three of that statute, section 5692 Burns 1894, section 4317e Horner 1897. After the making of the final report in duplicate as directed in sections three and fifteen, and before the joint meeting of the boards of county commissioners for the hearing of that report, all further proceedings in the matter were perpetually enjoined by the court below, in a suit brought for such purpose by one Warrick Armstrong and others. The case at bar was an action to recover for the

services so rendered by the appellant, and the question for decision is whether or not under such circumstances the county is liable for the services of the engineer.

It is a question of construction of statutes. It is very definitely settled that the board of county commissioners has no power to create a liability against the county, except such as may be found to have been conferred on the board expressly or impliedly by statute. It is also firmly established that all persons having dealings with such an official agency as the board of county commissioners, must take notice of such limitation of authority. Comparing the various provisions of the act, and considering the statute as a whole, it would seem that the particular condition shown in this case was not distinctly contemplated and definitely embraced in the express provisions of the act. Certain instances are designated wherein the costs shall be paid by the petitioners, or by the remonstrants, or parties excepting to the report, or by parties appealing to the circuit court.

The bond filed by the petitioners with their petition is to be conditioned for the payment of all costs, "if the prayer of the petitioner be not granted or be dismissed for any cause by the board of commissioners" (section 2). If at the hearing of the first report of the viewers, the commissioners find against the improvement, they shall dismiss the petition and proceedings, at the cost of the petitioners, and they shall "assume" an itemized bill of all the costs, to be made up by the auditor for their examination and approval, which shall include the per diem of the viewers and engineers (section 3). If, however, the board finds from the report in favor of making the improvement, the board directs the survey, etc. (section 3). Upon the filing of the second report of the viewers there is a hearing, upon notice to interested parties (sections 4, 5), at which the board may approve and confirm the report, or may amend it and determine the apportionment (section 5). Before the time for such hearing, a party to the proceedings may file exceptions to the apportionment,

or to any claim for compensation or damages, and the board will decide upon such exceptions. If the exceptions be sustained, "the costs of the hearing thereon" shall be paid out of the county treasury; but if they be overruled, the costs shall be taxed against the party excepting (section 6). Any person or corporation aggrieved by the decision may appeal to the circuit court, and provision is made relating to the costs accrued in the circuit court. After trial and judgment in that court, the board of commissioners must proceed with the petition in accordance with the judgment of the circuit court, which may result against the granting of the petition (section 7). It is provided in section twelve that all costs not taxable to the "petitioners, remonstrances or appellants" shall be paid out of the county treasury, and be refunded to the county out of the first money received from the sale of bonds. In section twenty-six it is provided that the surveyor, or engineer, shall be allowed $3 per day for the time actually employed by him; and in, section twenty-seven it is provided that all fees under this act shall be paid out of the county treasury, when claims therefor are allowed by the board of commissioners, and the general county fund shall be reimbursed out of the money realized from the sale of bonds or collection of assessments.

In the case presented by the third paragraph of the complaint, there were no exceptions to the report of the viewers, and there was no appeal from any decision of the board of commissioners. The case was not one wherein the board of commissioners found against the improvement, and dismissed the petition and proceedings. On the contrary, the board, having caused the viewers, including the appellant as engineer, to make the preliminary view, found from their report in favor of making the improvement and caused them to proceed to survey the line and locate the drain, etc. After the filing of their final report, and before the hearing thereon, the proceeding was enjoined perpetually. There were no bonds, and the apportionment reported by the viewers was

not adopted, or rejected or amended. It seems to be contemplated that no part of the expenses shall ultimately fall upon the county, except when a public road is benefited (sections 2, 3). There is found in the statute authority in the board of county commissioners to engage the services of the engineer, or surveyor, and provision is made for his payment by the county.

In the case at bar, it appears from the bill of particulars filed with the complaint, that the appellant received payments allowed at the June, September, and December terms, 1895, of the board, and his claim is for a balance subsequently accrued.

We conclude that the statute should be construed as providing for payment of the surveyor's fees by the county, and its subsequent reimbursement; and if reimbursement by money derived from the sale of bonds or from collection of assessments be not available, as in this case, then the bond of the petitioners may be resorted to by the county commissioners; for it may be said that the prayer of the petitioner has not been granted, within the meaning of the provision relating to that bond interpreted with reference to the general intent of the entire statute.

The first and second paragraphs of the complaint did not show how the drainage proceeding ended, as did the third paragraph; but each paragraph showed the rendering of services by the appellant as engineer or surveyor, under the employment of the appellee in the drainage proceeding, the same bill of particulars serving for all the paragraphs. In the bill of particulars there are some items which may not be allowable as proper charges, but concerning which there has been no argument before us. We think each paragraph of the complaint showed a right of action in the appellant for his fees provided for by the statute. The judgment is reversed.

Robinson, J., took no part in this decision.